IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>$34,900 in United States Currency,<br><br>                    Defendant,<br><br>MICHAEL STARKE SCHMITT,<br><br>                    Third Party Claimant. | REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION TO STRIKE CLAIM AND ANSWER<br><br>Case No. 2:11-cv-490 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

Plaintiff the United States of America moves to strike the Claim and Answer of Michael Starke Schmitt pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. As outlined below the Court recommends that Plaintiff's Motion to Strike Claim and Answer of Mr. Schmitt be granted.

This is an action seeking the forfeiture of $34,900 in United States currency. On July 1, 2011, Mr. Schmitt, by and through his attorney Douglas Terry filed a "Claim for Interest in Defendant Property."[1] On October 11, 2011, the United States served Mr. Schmitt with a set of special interrogatories pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supplemental Rule G(6)(a) provides that "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed."[2] Supplemental Rule G(6)(b) further provides that "answers or objections to

---

[1] Docket no. 3.

[2] Supp. R. Certain Adm. & Mar. Cl. G(6)(a).

these interrogatories must be served within 20 days after the interrogatories are served."[3]

Answers to the interrogatories were due approximately November 1, 2011.  Mr. Schmitt did not respond by this deadline.  The United States agreed to two more extensions of the deadline to respond, but Mr. Schmitt also failed to respond by either of these new deadlines.  On March 23, 2012, Plaintiff filed a motion to compel Mr. Schmitt to answer the special interrogatories.[4]  After Mr. Schmitt failed to respond to the government's motion to compel, the undersigned granted the motion on April 19, 2012.[5]  Mr. Schmitt was given until May 18, 2012, to answer the special interrogatories, but once again failed to respond.  On June 1, 2012, the instant motion to Strike Answer and Claim of Mr. Schmitt was filed.  As of today's date, July 12, 2011, no response has been filed to the motion to strike.

The purpose of allowing the government to serve special interrogatories in cases such as this is to "identify and insure that a claimant has standing to challenge a forfeiture by demonstrating a valid ownership interest in the seized property and protect against nominee claimants."[6]  Supplemental Rule G(8)(c)(i)(A) provides that "at any time before trial, the government may move to strike a claim or answer for failing to comply with ... Rule G(6)."[7]  Mr. Schmitt has failed to comply with Rule G(6) despite being given multiple opportunities to do so.

---

[3] *Id.* G(6)(b).

[4] Docket no. 12.

[5] Docket no. 16.

[6] *United States v. $410,000 in U.S. Currency*, 2007 WL 4557647, *7 (D.N.J. 2007); *see also United States v. $133,4200 in U.S. Currency*, 2010 WL 2594304, *7 (D.Ariz. 2010) ("Rule G appears to tip the scale in favor of the Government's interest in not defending against claims without minimal evidence of standing [and] does so by allowing the Government to propound special interrogatories and to challenge a claimant's standing by summary judgment early in the proceeding.").

[7] Supp. R. Certain Adm. & Mar. Cl. G(8)(c)(i)(A); *see also United States v. Approximately $24,700 in U.S. Currency*, 2012 WL 458412, *1 (E.D. Cal. Fe. 10, 2012) (granting the government's request to strike each claimant's claim and answer for failing to answer the special interrogatories under Rule G(8)); *United States v. $25,800 Currency*, 2011 WL 2003385, *2 (D.Me. May 23, 2011) (recommending that the motion to strike be granted because the claimant failed to respond to special interrogatories after the court extended the deadline).

Therefore, it is appropriate to grant the government's motion and strike the claim and answer asserted by Mr. Schmitt.[8]  In addition, Mr. Schmitt has filed no opposition to the motion to strike and the time to do so under the Local Rules has passed.[9]

## CONCLUSION

Based upon the foregoing, I recommend that the Court GRANT Plaintiff's Motion to Strike Claim and Answer of Michael Schmitt.[10]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

DATED this 12 July 2012.

Brooke C. Wells
United States Magistrate Judge

---

[8] *See id.* fn. 7.

[9] *See* DUCivR 7-1.

[10] Docket no. 17.  Because striking Mr. Schmitt's claim will be dispositive, the undersigned frames this decision as a recommendation.